USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/24/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
   UNITED STATES,

               -v-                                              1:16-cr-656-GHW

   JUNIOR GRIFFIN,                                     ORDER

                           Defendant.
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On August 23, 2023, the Court docketed a motion filed by Junior Griffin, acting *pro se*. Dkt. No. 1008 (the "Motion"). The Motion requests that the Court amend Mr. Griffin's sentence as a result of the application of Section 4C1.1 of the United States Sentencing Guidelines.[1]

Mr. Griffin's Motion lacks merit for multiple reasons and, therefore, must be denied. First, Section 4C1.1 of the Sentencing Guidelines has been adopted by the United States Sentencing Commission, but it is not yet in effect. It is expected to come into effect on November 1, 2023. For that reason, Mr. Griffin's Motion is not timely. Second, while the United States Sentencing Commission voted today, August 24, 2023, that the amendment to the guidelines would be effective retroactively, reduced sentences cannot be ordered until February 1, 2024 or later. *See* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_prelim-retro.pdf (Last visited August 24, 2023). Therefore, Mr. Griffin's motion is not timely and the Court cannot grant the requested relief.

Third, as dicta, the Court notes that it appears that Section 4C1.1 would not permit the modification of Mr. Griffin's sentence in any event. The effect of the new Section 4C1.1 is to

---

[1] The Court does not construe the Motion as a second motion for compassionate release under 18 U.S.C. § 3582(c). It provides no basis for the Court to find extraordinary or compelling reasons for his release and provides no justification for the Court to reassess its prior evaluation of the factors under 18 U.S.C. § 3553(a). *See* Dkt. No. 881.

reduce the offense level calculation for qualifying defendants by two levels. Mr. Griffin was convicted of an offense with a mandatory minimum sentence of 10 years of imprisonment. The Court sentenced him to the mandatory minimum sentence required by law. *See* Dkt. No. 613. Because Mr. Griffin was convicted at trial of a crime requiring the imposition of a 10 year sentence, and the Court sentenced him to that amount of time in prison, a reduction in his offense level would not appear to have any impact on his sentence.

In sum, having considered all of the information presented to the Court in connection with this application, the Court does not believe that a reduction in Mr. Griffin's sentence is warranted at this time. His Motion is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 1008, and to mail a copy of this order to Mr. Griffin by first class mail.

SO ORDERED.

Dated: August 24, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge